PROB 12B
(REVISED 5/2011)

# United States District Court
for
Middle District of Tennessee

## Petition to Modify the Conditions or Term of Supervision

Name of Offender: <u>Ebonie Shawnece Jordan</u>  Case Number: <u>3:12-00186-02</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr.,U.S. District Judge</u>

Date of Original Sentence: <u>December 13, 2013</u>

Original Offense: <u>21 U.S.C. § 841(a)(1)Possession With Intent to Distribute and Distribution of a Mixture and Substance Containing a Detectable Amount of Cocaine Base</u>

Original Sentence: <u>15 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>  Date Supervision Commenced: <u>February 20, 2014</u>

Assistant U.S. Attorney: <u>Clay Lee</u>  Defense Attorney: <u>Derrick L. Scretchen</u>

---

### PETITIONING THE COURT

■ To modify the release conditions as follows:

**The defendant shall be submit to Home Confinement with Electronic Monitoring for 8 months as an alternative to residing in the Residential Reentry Center.**

THE COURT ORDERS:
☐ No Action
☐ The extension of supervision as noted above.
☐ The modification(s) as noted above.
☒ Other  *This request to set for a hearing on October 31, 2014 at 11:00am*
Considered this _28_ day of _October_ 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Jim Perdue, Deputy Chief
U.S. Probation Officer

Place   Nashville, TN

Date   October 9, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition of supervision:

**Violation No.**   **Nature of Noncompliance**

**1.**   **Following her release from custody, the defendant is to reside in a halfway house approved by the Bureau of Prisons for a period of 15 months.**

On April 1, 2014, the offender entered the Dierson Residential Reentry Center as a condition of her supervised release.

On October 7, 2014, we received information that the Ms. Jordan was called back to the RRC by their staff in order to address her movement in the community. It was reported she failed to submit the appropriate documentation to be out in the community. When she returned to the RRC she exhibited paranoid behavior and accused the RRC staff of "messing with her medication and food." She stated that she has been ill after taking her medication and eating at the RRC, and feared for her life. She continued to accuse the staff of tampering with her medication and food.. The director of the RRC stated to her that if she did not feel safe there she was free to leave.

The initial report from the RRC was that she was terminated from their program. When we followed up with the director of the RRC he indicated that she voluntarily left the program. Ms. Jordan contends she was "kicked out."

**Compliance with Supervision Conditions and Prior Interventions:**
Subsequent, to her discharge from the RRC she immediately reported to the probation office. Ms. Jordan reported that approximately 60 days ago she stopped taking her mental health medication. Approximately 30 days ago she began taking the medication again. She reported that on September 24, 2014, she was diagnosed with cervical cancer and she again stopped taking her medication on September 30, 2014.

Ms. Jordan has been compliant with the conditions of supervision up until the most recent incident at the RRC. Her mood has been erratic due to the frequent cessation of taking her medication. Ms. Jordan is presently taking three mental health medications and was attending mental health treatment once per month. We have increased her mental health meetings to two per month and strongly encouraged her to take her medication and follow up with any cancer treatments recommended by her physician.

She is presently residing with her mother and sister. Ms. Jordan is employed at Checkers, a fast food restaurant and has been compliant and respectful to the probation officers. It only took a few minutes to reason with Ms. Jordan, gain her trust, and reduce her anxiety.

Due to her required medication and her anxiety issues, we do not believe the halfway house is conducive to her adjustment in the community. Home confinement will allow her to be monitored while simultaneously allow her family to more readily assist with her mental health and medical appointments. It is also believed this will reduce her stress level allowing her to adjust more readily to the community.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that the remainder of her halfway house time (8 months) be converted to home confinement with electronic monitoring.

The U.S. Attorney's Office has been contacted and they concur with this recommendation.

Approved: _____
Jim Perdue, Deputy Chief
U.S. Probation Officer